UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>v.<br><br>ALBERT JONES,<br><br>        Defendant. | Case No.: 2:16-cr-00062-LRH-GWF<br><br>**ORDER**<br><br>**Re: Motion for Discovery (ECF No. 172)** |

This matter is before the Court on Defendant Albert Jones's Motion for Discovery of Prosecution Files, Records and Information Necessary to a Fair Trial (ECF No. 172), filed on October 11, 2018. Co-Defendant Alisha Perez filed a Motion for Joinder to Defendant Jones' motion (ECF No. 173) on October 12, 2018. The Government filed its Response (ECF No. 175) on October 25, 2018. No reply brief has been filed.

## BACKGROUND AND DISCUSSION

Defendant Albert Jones (hereinafter "Jones") is charged in a four count superseding criminal indictment filed on June 22, 2016. *Superseding Indictment* (ECF No. 31). Defendant Jones, and co-defendants Hakim Rydell Branche-Jones, Darrin Wilder, and Alisha Perez, are charged in count one with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846. Defendant Jones and all other defendants, including Elizabeth Perez, are charged in count four with conspiracy to money launder in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (ii) and (h).

Defendant Jones requests that the Government be ordered to produce the following items:

1. Transcripts of interviews and prior testimony of witnesses against Mr. Jones, including written or recorded or transcribed statements of the co-defendants in this case and statements of individuals who the Government would intent [sic] to reference in trial against Mr. Jones.

2. The complete audio and video recording of Mr. Jones' interview with Metro and/or Federal authorities on June 8, 2016, wherein Mr. Jones gave incriminating statements. This would also include the video and audio of when Mr. Jones entered the interrogation room.

3. Any and all police body camera and police car camera footage in relation to this case and more specifically during his interrogation.

4. Any and all other exculpatory and inculpatory evidence as well as any other discovery obtained by the Prosecution in the investigation of this case, that has not already been provided to the defense.

*Motion* (ECF No. 172) at 2.

**Item 1:** Defendant states that he needs to obtain the written, recorded or transcribed statements of his co-defendants that the Government may introduce against them at trial so that he can file a motion to severe pursuant to *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620 (1968). The Government argues that statements made by co-defendants are covered by the Jencks Act. It states that if it introduces co-defendants' statements at trial, it "may elicit the relevant information from the investigators who took the interviews (as opposed to playing the redacted audio of the interview itself)." It may also introduce summary versions of the statements that redact any reference to any other defendant. The Government may also request a limiting instruction that will neutralize the prejudicial effect resulting from the introduction of co-defendants' statements. *Response* (ECF No. 175), at 5-6. It argues that these measures will protect the Defendant's confrontation rights under *Bruton* and avoid prejudice to him.

Defendant Jones' motion for production of the statements of potential government witnesses must be denied, in general, pursuant to the Jencks Act, 18 U.S.C. § 3500(a), which provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The court cannot compel the Government to produce Jencks Act material prior to the witness's direct testimony at trial. *United States v. Spagnuolo*,

515 F.2d 818, 821 (9th Cir. 1975); *Unites States v. Bibbero*, 749 F.2d 581, 585 (9th Cir. 1984); and *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986). In addition, when the defendant seeks evidence that qualifies as both Jencks Act and *Brady* material, the Jencks Act standard controls. *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) (citing *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)). The Government has agreed to produce Jencks Act material five days prior to trial. Regardless of whether earlier production would be more reasonable, the Court cannot order the Government to make earlier disclosures of Jencks Act materials.

Case law also supports the Government's assertion that statements made by co-defendants which may be introduced against them at trial are covered by the Jencks Act. In *United States v. Percevault*, 490 F.2d 126 (2nd Cir. 1974), the district court ordered the government to produce to the defendants prior to trial any relevant written or recorded statement or confession made by any co-defendant or co-conspirator. The government had produced statements made by the five defendants still awaiting trial and the statements of other defendants originally named in the indictment who would not be testifying for the prosecution. The government, however, objected to producing statements made by co-conspirators, including co-defendants, after the conspiracy terminated, whom the government intended to call as witnesses at trial. *Id.* at 128. In reversing the district court's order, the Second Circuit stated:

> This unique but limited discovery device [the Jencks Act] represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial. Palermo v. United States, supra, 360 U.S. at 349, 79 S.Ct. 1217; 1957 U.S.Code Cong. & Admin.News pp. 1862-1864, 1869. But see Brady v. Maryland, supra. Since the only statements in issue here are clearly those of prospective witnesses and are accordingly within the scope of 18 U.S.C. § 3500(a), the district court did not have the statutory authority to compel disclosure, over the government's objection, prior to trial.

490 F.2d at 129 (bracketed language added).

Although the Government could not be compelled to produce the witness statements prior to trial, the Court encouraged the voluntary early production of such statements:

> Particularly in multiple defendant cases, the district judge may solicit broad disclosure to assist him in disposing of motions for severance or in detecting inadmissible confessions under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Pretrial discovery should be approached with a spirit of cooperation among court and counsel in order to prevent those burdensome trial recesses and also, we should emphasize, to protect the government against postconviction claims of prejudicial surprise, see United States v. Baum, 482 F.2d 1325, 1331-1332 (2d Cir. 1973), or claims of suppression of material and favorable evidence, see Brady v. Maryland, supra.

*Id.* at 132.

The Ninth Circuit followed *Percevault* in *United States v. Mills*, 641 F.2d 785, 789-90 (9th Cir. 1981), in holding that statements made by persons who were prospective witnesses when interviewed do not lose that character by a subsequent decision not to call them at trial. Thus, the Government was not required to produce statements made by potential witnesses even though it no longer intended to call them as witnesses at trial. *See also United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

In *United States v. Vega*, 2009 WL 1788601, at *1 (E.D.Cal. June 23, 2009), the district court ordered the government to produce, prior to trial, "all statements made by active, co-defendants for whom plea bargains which contemplate testimony have not been agreed upon." In distinguishing *Mills* and *Cadet*, the court stated that "[i]t can never be said that a non-cooperating, indicted defendant is a 'prospective government witness' because the Fifth Amendment to the Constitution makes the government calling of such a witness an impossibility." *Id.* Other courts, while encouraging pretrial production of statements by non-testifying co-defendants, have declined to order their production based on the Jencks Act. *United States v. King*, 121 F.R.D. 277, 280 (E.D.N.C. 1988) (citing *Untied States v. Roberts*, 811 F.2d 257, 258 (4th Cir. 1987)); *United States v. Davis*, 2003 WL 1825602, at *2 (E.D.La. April 8, 2003) (citing *Mills* and *Cadet*, *supra*); *United States v. Storey*, 956 F.Supp. 934, 941-42. (D.Kan. 1997) (refusing to order pretrial disclosure of co-conspirator statements by a government witness or a prospective government witness whom the government later decided not to call at trial).

This court must disagree with *Vega* in light of the holdings in *Mills* and *Cadet* that the Jencks Act applies to a statement made by a person who was a prospective government witness at the time he or she was interviewed, even though the government later decides not call the person as a witness at trial. Law enforcement officers may reasonably view a criminal suspect they interview as a potential witness against other individuals involved in the criminal activity. The suspect's incriminating statement may also be used against him at trial if he does not plead guilty or the charges are not otherwise dismissed. In the latter situation, the individual obviously would no longer be a government witness.

Although the Jencks Act applies to the co-defendants' statements, the Court also encourages the Government to make early disclosure of the statements that it intends to introduce at trial so that Defendant Jones can make a timely determination whether to file a motion for severance. The Court in this case has already held that the measures suggested by the Government will not be adequate to avoid prejudice to other defendants if the statements made by Co-Defendant Alisha Perez are introduced against her at trial. The Court conditionally granted Defendant Wilder's motion to sever Alisha Person from a joint trial with her co-defendants if the Government decides to introduce her statements. *Order* (ECF No. 138), at 7. Whether similar grounds exist for severing Defendant Jones's trial can only be determined once the co-defendants' statements are produced. Producing those statements only five days before trial will potentially cause unnecessary delay of the trial or trials in the event severance is warranted.

**<u>Item 2</u>:** Defendant Jones was interviewed by state and federal authorities on June 8, 2016. He states that "[t]he Government has produced a video of the interrogation, however, there is a significant portion of the beginning of the video that is missing." *Motion* (ECF No. 172), at 3-4. He requests all audio and video recordings of his interview. The Government states that Defendant was interviewed on one day, at the same time, but in two parts. One part related to the crimes charged in the indictment in this case. The other part related to a murder charge that is pending against Defendant in state court. The Government states that a copy of the statement was provided to the Defendant in this case, and it references Bates No. 348. The

Government states that the first part of Defendant's statement related to the facts and circumstances of this case, but "at this time" there is no transcript of that portion of the interview. However, a summary of that part of the interview was provided to Defendant in an FBI 302 report. The Government states that if it intends to use Defendant's statement at trial, it will provide a copy of the transcript no later than 5 days before trial in accordance with the Government's Disclosure Statement. *Response* (ECF No. 175), at 2.

Rule 16(a)(1)(B) of the Federal Rules of Evidence states that "[u]pon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing . . . (i) any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody or control; and the attorney for the government knows---or through due diligence---could know that the statement exists." It is unclear from the Government's response whether a recording exists of the first part of Defendant's interview relating to this case which has not been fully produced to Defendant. If the Government possesses a recording of any portion of Defendant Jones's interview relating to the facts and circumstances of this case that has not already been produced to him, then the Government is ordered to produce it to Defendant promptly upon the entry of this Order.

**Item 3:** Defendant seeks any and all police body camera and police car camera footage in relation to this case, and more specifically to Defendant's interrogation. The Government states that it has requested body camera and police car camera footage for this case, but that "[i]t appears there are no such items for this case." *Response* (ECF No. 175), at 6. The Government states that it will request body camera and police car footage from Defendant's state murder case and produce it, if it exists. The Court cannot order the Government to produce documents or information that does not exist. Given the Government's representation, the Court denies this part of Defendant's motion.

**Item 4:** Defendant requests that the Government be ordered to produce any and all exculpatory and inculpatory evidence as well as any other discovery obtained by the prosecution in this case. Fed.R.Crim.P. 16(a)(E)(i) states that upon a defendant's request, the government must produce or make available for inspection and copying any documents or objects that are

material to preparing the defense. Item 4 of Defendant's motion does not identify any specific documents or objects in the Government's possession, custody and control that he claims are material to his defense. Nor does he identify any specific evidence or information in the Government's possession, custody or control that constitutes exculpatory or impeachment evidence.

The Government has a constitutional duty to disclose exculpatory information, including information bearing on the credibility of government witnesses, that is material to the case. *Kyles v. Whitley*, 514 U.S. 419, 432, 115 S.Ct. 1555, 1565 (1993). In *Kyles,* the Court noted that in *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97 (1963), it held "that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* In *Giglio v. United States*, 405 U.S. 150, 154-55, 92 S.Ct. 763, 766 (1972), the Court extended the Government's disclosure obligation to impeachment evidence. In *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383 (1985), the Court held that the government must disclose material exculpatory or impeachment evidence regardless of whether it has been requested. Evidence is material if there is a reasonable probability that if the evidence had been disclosed to the defense, the result of the proceeding would have been different.

In *United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016), the Ninth Circuit reiterated that "[u]nder *Brady*, the government must disclose information favorable to the accused that 'is material either to guilt or punishment.'" The defendant in that case requested that the government produce evidence relating to "inter-sovereign collusion" between state and federal prosecutors. The government affirmatively represented that it did not possess evidence of inter-sovereign collusion. The defendant argued that this conclusory representation did not discharge the government's *Brady* obligations and that it "must either produce information responsive to his requests or submit whatever it possesses to the district court for *in camera* review." In rejecting this argument, the court quoted *Pennsylvania v. Ritchie*, 480 U.S. 39, 59–60, 107 S.Ct. 989 (1987) as follows:

7

> "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files. Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held ... that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under *Brady*, it is the State that decides which information must be disclosed.... Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance."

*Id.* at 807.

The Court further stated:

> "Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Ritchie*, 480 U.S. at 60, 107 S.Ct. 989 (footnote omitted). To challenge the government's representation that it lacks *Brady* information, Lucas must either make a showing of materiality under Rule 16 or otherwise demonstrate that the government improperly withheld favorable evidence. *See, e.g.*, *id.* at 58 n.15, 107 S.Ct. 989 ("[Defendant], of course, may not require the trial court to search through [a statutorily-protected child abuse] file without first establishing a basis for his claim that it contains material evidence.").

*Id.* at 808.

Commenting on dicta in *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013), the court further stated:

> While *Olsen* encouraged prosecutors to err on the side of disclosure, it did not alter the fundamental construct of *Brady*, which makes the prosecutor the initial arbiter of materiality and disclosure. *See Ritchie*, 480 U.S. at 60, 107 S.Ct. 989. Thus, unless Lucas can make a showing of materiality or demonstrate that the government has withheld favorable evidence, he must rely on "the prosecutor's decision [regarding] disclosure." *Id.* Lucas has not made the requisite showing under *Brady* to contest the prosecutor's assertion that the government lacks any evidence of inter-sovereign collusion.

*Id.* at 809.

Defendant Jones has not shown that the Government is withholding documents or objects material to preparing his defense or is withholding exculpatory or impeachment evidence. Defendant's generalized motion for the production of such information is, therefore, denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Perez's Motion for Joinder (ECF No. 173) is **granted**.

**IT IS FURTHER ORDERED** that Defendant Jones's Motion for Discovery of Prosecution Files, Records and Information Necessary to a Fair Trial (ECF No. 172) is **granted**, in part, to the extent that the Government has in its possession, custody and control recordings of Defendant's interview with law enforcement officers relating to the facts and circumstances of this case that has not already been provided to Defendant. The remainder of Defendant's motion is **denied** in accordance with the foregoing provisions of this order.

DATED this 15th day of November, 2018.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**