# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HAKIM RYDELL BRANCHE-JONES,<br><br>　　　　　　　Defendant. | Case No.: 2:16-CR-00062-LRH-EJY<br><br>**ORDER APPROVING** Stipulation To Vacate And Continue Sentencing Hearing<br><br>**(First Request)** |

**Certification: This Pleading is Timely Filed**

The undersigned parties respectfully submit the following Stipulation and Proposed Order for the Court's consideration.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, that the Rule 32 sentencing hearing presently set for **May 5, 2020** be **vacated and continued** for **no less than 60 days from May 5, 2020,** at a date and time convenient for the

Court.

The parties further stipulate that the requested continuance is warranted for the following reasons:

1. On March 5, 2020, the Court set this matter for a Rule 32 Sentencing Hearing at 9:00 a.m., on May 5, 2020. ECF No. 316.

2. After the Court set the hearings, and on March 30, 2020, the Chief Judge for the District of Nevada entered Temporary General Order 2020-05, regarding Authorization for Video and Teleconferencing Under the CARES Act And The Exigent Circumstances Created By COVID-19 And Related Coronavirus (hereinafter "General Order"). The General Order is in effect for **90 days** from date of entry and addresses the material effect upon the functioning of the Court brought on by the current state of emergency arising from the COVID-19 and Coronavirus pandemic. The General Order finds, among other things, that for the duration of the General Order, in-person Rule 32 felony sentencing hearings cannot be conducted in the District of Nevada without seriously jeopardizing public health and safety. The General Order further provides that Rule 32 sentencing hearings may, with the consent of the defendant (upon advice of counsel), proceed by video or teleconference in individual cases, provided that the presiding Court specifically finds that to delay the matter further will cause serious harm to the interests of justice. *See also* CARES Act, H.R. 748, Public Law No. 116-136.

3. The defendant desires an in-person Rule 32 sentencing hearing and the parties agree that further delay to accommodate an in-person hearing will not cause serious harm to the interests of justice. Accordingly, a continuance of the Rule 32 sentencing hearing for a period of at least 60 days from May 5, 2020 – which is outside the 90-day duration of the General Order – is appropriate.

4. Defendant Branche-Jones is in custody and agrees to the proposed continuance.

5. This is the first request for continuance of the Rule 32 sentencing hearing.

**WHEREFORE**, the parties respectfully request that the Court accept this Stipulation and enter an Order vacating the current setting of **May 5, 2020**, for the Rule 32 sentencing hearing, and continuing the hearing to a date and time convenient to the Court but **not less than 60 days** from May 5, 2020. The parties attach a Proposed Order for the Court's consideration.

**DATED** this 15th day of April, 2020.

Respectfully submitted,
NICHOLAS A. TRUTANICH
United States Attorney

_/s/_
CHRISTOPHER D. BAKER
Assistant United States Attorney

_/s/_
PAUL RIDDLE
Counsel for Defendant
Hakim Rydell Branche-Jones

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 2:16-CR-00062-LRH-EJY |
| v. | **ORDER** |
| HAKIM RYDELL BRANCHE-JONES, | |
| Defendant. | |

This matter coming on the parties' Stipulation to Continue Rule 32 Sentencing Hearing, the Court having considered the premises therein, and good cause showing, the Court accepts the Stipulation of the parties and finds as follows:

1. The parties agree to the continuance requested in the Stipulation;

2. Defendant is in custody and does not object to the continuance;

3. The Court adopts and incorporates herein in full, District of Nevada, Temporary General Order 2020-05 of March 30, 2020, regarding Authorization for Video and Teleconferencing Under the CARES Act And The Exigent Circumstances Created By COVID-19 And Related Coronavirus (hereinafter "General Order"), including the finding that in light of the current state of emergency brought on by the COV-19 pandemic, and during the time the General Order is in effect, the Court cannot conduct an in-person Rule 32 sentencing hearing without serious risk to the health and safety of the public and the parties involved in this matter;

4. The defendant desires an in-person Rule 32 sentencing hearing and no facts have been presented to the Court to show that further delay of the hearing will seriously harm the interests of justice in this case;

5. The General Order is in effect for 90 days from March 30, 2020.  Accordingly, pursuant to the Stipulation, the Court will continue and set the date for Rule 32 sentencing hearing for **no less than 60 days** from May 5, 2020.

**IT IS THEREFORE ORDERED:**

1. The Rule 32 sentencing hearing set for **May 5, 2020 at 9:00 a.m.** is **VACATED** and **CONTINUED**;

2. The Rule 32 sentencing hearing in this matter will commence on **Thursday, July 16, 2020 at 11:15 a.m.** in a Courtroom to be announced at a later date.

**IT IS SO ORDERED** this 16th day of April, 2020:

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5