UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAKIM RYDELL BRANCHE-JONES, et al.,<br><br>Defendant. | Case No. 2:16-cr-00062-LRH-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Hakim Rydell Branche-Jones' Motion for Access to Law Library. ECF No. 422. Defendant is currently in solitary confinement at the Nevada Southern Detention Center and, as a result, his access to the law library is "limited." *Id* at 1. Defendant is requesting library access for at least two hours per day for the purposes of "assisting" in the preparation of his state court case in which he faces "serious charges." *Id.* Defendant is currently represented by counsel in connection with his state and federal cases. *Id.*; *State of Nevada v. Hakim Branche-Jones*, Eighth Judicial District Court Case No. C-17-320619-1[1]. In support of his Motion, Defendant cites to *U.S. v. Wilson*, which states that providing access to law libraries is one of many ways to meet the constitutional requirement of meaningful access to the courts. *Id* at 1-2.

In articulating the right to access to the courts, the Supreme Court held that "the fundamental constitutional right of access to the courts requires … providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 827 (1977). The Ninth Circuit has repeatedly clarified that the appointment of counsel is sufficiently meaningful access to the courts under the Constitution. The case Defendant references in his request states that "[a]vailability of legal assistance at government expense, if required, is a constitutionally permissible means of access." *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982). In addition, it appears from Defendant's Motion that he already has some access to the law library, but that due to his current confinement he cannot use the library as much as he would like. ECF No. 422 at 1.

---

[1] The court-appointed attorney of record in Defendant's state court case is Joshua L. Tomsheck.

1

Based on the totality of the facts before the Court, Defendant does not demonstrate a deprivation of his right to access the courts.

Further, the Court questions whether Defendant has standing to make his claim. To show a violation of the right of access to the courts, there must be a showing of "actual injury"; that is, a "specific instance" in which the inmate was denied access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). "To establish actual injury, the inmate must demonstrate the loss of a 'non-frivolous' or 'arguable' underlying claim, and the right of access to courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions." *Antonetti v. McDaniels*, Case No. 3:16-cv-00396-MMD-WGC, 2021 WL 624241, at *9 (D. Nev. Jan. 25, 2021) (quoting *Lewis*, 518 U.S. at 353). At this time, there is no evidence of an actual denial of access to the courts or injury to Defendant with respect to his state case, which is ongoing.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Access to Law Library (ECF No. 422) is **DENIED**.

Dated this 28th day of October, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE